Please call the next case. 113-1050 Rush Medical Center v. Denise Dixon Good afternoon, your honors. Good afternoon, counsel. May it please the court. My name is Matthew Gnafo. I represent the respondent in this matter, Rush University Medical Center. Your honors, a unanimous panel of commissioners denied this case. I submit to you that that decision was correct, that it was within the manifest way of the evidence, and that it should not have been reversed by the circuit court. Petitioner in this case works at a hospital. There's no smoking allowed in the hospital. She wanted to have a cigarette. She walked outside, had her cigarette, and when she returned to the hospital, she fell down. I submit to your honors, if I was at my house and I wanted to have a cigarette, I would not be allowed to smoke inside. I would have to walk outside. I would have to walk on the floor, wood, metal, carpet. There's carpet on this floor. I walked up here. I would have to walk outside to have the cigarette, and then if I wanted to return home, I would have to walk on the same materials, the same earth, the same material that supported my weight to get back inside. Now, this would be classified under the case law as a neutral risk. I would agree with you, your honor. Did the claimant provide any evidence that the rug was defective or hazardous or the floor was defective or hazardous? Was there any explanation as to what actually caused the fall? Absolutely not, your honor. And that's where you're testing it, right? Exactly. Exactly. Neutral risks generally do not arise out of employment. The exception is where the employment creates a risk to which the general public is not exposed. Now, the commission here made the specific factual finding that there was no evidence of the cause of the fall or that she was exposed to a risk greater than that of the general public. I'd like to point out some of the specific factual findings that the commission made. Let me just ask one question here. Yes, your honor. The claimant testified, quote, as I walked in the building, I slipped on the rug, and the rug slipped straight from under me, close quote. Is that the sum total of all testimony in the record about how she fell, that one line? I would agree that that is the sum total of her testimony. There were some conflicting... There were some things in medical records. That's right, your honor. There was no further questioning about was the rug wet, was it bunched up, what kind of a rug was it, nothing. Absolutely correct, your honor. Either on direct or cross. That's it. Correct. Okay. So the commission made a specific factual finding that the arbitrator's conclusion that the rug was a hazard was not based on any evidence in the record. Commission made the specific factual finding that general public uses the entrance where the petitioner fell. Commission made the specific factual finding there was no evidence presented that the rug was defective, wet, or had a foreign substance. It was unknown whether the rug slipped, or if petitioner slipped on the rug, or if she tripped on the rug. Petitioner did not testify that she was hurrying or responding to any problem or emergency of other concern in the workplace. Petitioner did not testify she was carrying anything which might have caused the fall. Petitioner was not talking to anyone who might have distracted her when she fell. The commission held petitioner did not present any evidence of the cause of her fall or that she was exposed to a greater risk than that of the general public. The circuit court simply entered an order finding that the commission's decision was against the manifest weight? Absolutely, Your Honor. Was there any explanation? There was no written opinion, and if I can remember correctly from the circuit court oral arguments, there was no even verbal indication how the decision was against the manifest weight. Did you receive an order in the mail at some point? Absolutely not, Your Honor. I believe it was petitioner's counsel who hand-writ the order that day. I have a copy, and then we actually got a separate order entered a week or so later. It was an agreed order between counsel and myself. This is the order that's attached to my brief, and we wanted to make sure that it was going to specifically be a final order so that I could appeal it further to Your Honors. There's no transcript of the circuit court proceedings in the record? Correct. So your position is very simple. This is a neutral risk. The claimant stated in several different ways she slipped or fell on a rug. There's no indication there was any problem with the rug, the floor, or anything else. It was a totally unexplained fall. Correct, Your Honor. Okay. Now, as different inferences were drawn from the evidence in the record, the commission's decision is not to be overturned unless it's against the manifest weight of the evidence. It's my position that that is not the case here, Your Honor. And it's only reversible on appeal if it's manifestly incorrect and the opposite conclusion is clearly apparent. I do not believe that is the case here, Your Honors. Now, the reviewing court is supposed to ascertain whether or not sufficient evidence exists. Counsel, I think we know the standard. We have. I would just – I'm sorry. Thank you, Your Honors. We understand the black-letter law. Trust us. We're not the brightest people in the world, but we're not that dumb either. Very good, Your Honor. If I'd like to counter some of the – if I'd like to move forward and counter some of the arguments in Petitioner's brief. She mentions the Litchfield case. In that case, the Petitioner tripped on an uneven sidewalk. The claimant in that case testified that she tripped on an area of the sidewalk where the slabs of concrete were not level. There was an exhibit identified by the Petitioner in that case which showed one slab of concrete higher than the adjoining slab, and there was testimony that the difference was over an inch. So there were specific facts in that case that this Court pointed to creating a hazard, creating that increased risk, when that case was found compensable. In her brief, the Petitioner here over and over argues that the rug created a hazard. Now, the Commission made the specific factual determination that it did not, and such a determination should not be overturned. I don't think the Commission didn't actually say it was not a hazard. What the Commission said was the claimant failed to prove that there was a hazard. Right. Your Honor, I'm almost certain that they made the specific decision that it was not a hazard. I mean, this case was decided in the Commission on failure of proof, wasn't it? I'm sorry, Your Honor? The point of the Commission's decision was the claimant failed to prove, you know, any defect in the carpet or anything else that would have made her subjected to a risk to the general public. Look at page A9 of your brief, and it says that since Petitioner failed to prove that she sustained substantial injuries, or rioting as in the course of her employment, her claim for compensation is denied. It's a failure to prove case. Okay. Thank you, Your Honor. I mean, maybe the rug was a hazard. We don't know. That's what the Commission said. There wasn't any proof that it was a hazard. What they say is, and this is, they adopted the arbitrator's decision, there was no evidence presented that the rug was defective, wet, or had a foreign substance on it, et cetera, et cetera. Petitioner did not present any evidence of the cause of her fall, or that she was exposed to a risk greater than that based by the general public. Right. The Commission stated that the arbitrator's conclusion that the rug was a hazard. There was no evidence to support that conclusion. It was not based on any evidence in the record. Exactly, Your Honor. Right. Exactly. Now, the three additional cases cited by Petitioner, in each of those cases, the Commission awarded benefits. That's not what happened here. The Chicago Tribune case, this Court said in the case of unexplained falls, it is in the province of the Commission to draw inferences from the facts. The Commission could have drawn the inference that there might have been ice and water on the floor in that case. The Commission drew no such inference in that case, Your Honor. I don't understand what you're saying. In that case, of course, on appeal, then the burden was to simply argue that the manifest where the evidence was in favor of the Commission's finding. Here is the opposite. So you don't need to go through all the cases. I think most of those cases, they could point to a specific hazard or defect that caused the fall. Correct. That's the exact distinction I was going to make in the cases cited in Petitioner's brief. Very well, Your Honors. Are there any other questions? Thank you very much for your time. Thank you, counsel. May it please the Court, counsel. Patricia Lannan Cuss on behalf of the Petitioner, Denise Dixon. I slipped on the rug and the rug slipped straight out from under me. That's the testimony in the record. That's the only testimony. That is the only testimony in the record. A rug is not supposed to. No follow-up questions about what kind of rug was this? Was it wet? Was there water in it? Was there ice? You know, are we talking about an area rug? Did it have a rubber back? There's nothing about any of that in the record. No, that is correct. The Petitioner testified that the rug slipped out from under her. There's no other evidence in the record to suggest that this injury was caused by anything other than the rug slipping out from underneath her. That may be the medical history. She slipped on the rug and then the rug slipped out from under her. We know why the rug slipped out from under her because she slipped on it. She tripped on it. Why did it slip out from under her? Well, I don't know that we have to know why it slipped. The point is it slipped. The rug itself was the hazard in this case. She wasn't walking. I want to understand this. Every rug that slips when you trip on it or something else is defective. Is that right? No. I wouldn't say that. So if I trip on my own two feet and I cause a small area rug to slip out from under me because I tripped on the thing, why would there be a causal connection between that and my employment as opposed to being a purely neutral risk? Well, because her testimony was that she slipped and then the rug slipped out from underneath her. That's the testimony in the record. She didn't say she slipped on the rug. She said I slipped. That's a quote. I slipped on the rug. And it slipped out from underneath me. So why is the rug defective? I'm sorry? Why is the rug defective? What's wrong with the rug? Well, I don't necessarily think you have to show that the rug itself was defective. Well, yes, you do. Is this any different than the University of Illinois case where the individual trips over a metal strip and there was testimony there was nothing wrong with the strip? And she's walking from the parking garage into the lobby. And this Court said it's still compensable. Well, did the claimant prevail before the commission? I don't recall. Well, that makes a big difference. It does. It's a factual question as to whether there's a causal relationship. I think it's also an unpublished decision. No, that was not unpublished. Okay. Let me read this quote to you, see if you agree with this, because it comes out of a well-recognized case. Injuries resulting from a neutral risk, and you conceded this is a neutral risk. Yes. Generally do not arise out of employment and are not compensable under the Act. And are compensable only where the employee was exposed to the risk to a degree greater than the general public. So what was the risk that she was exposed to greater than any other member of the public? Because she was, as an employee, in order to take a break, she couldn't smoke in the hospital. She had to traverse the area. She was entitled to several breaks throughout the day. And that's specifically what the arbitrator. Didn't the public use that entrance, too? Excuse me? Didn't the public come in and have the same entrance on the same route? Yes. Okay. So what's the risk? Because she, as an employee, was able to go back and forth throughout the day. That's where she had to work. The mere fact one person comes in from the general public doesn't mean that she wasn't exposed to a risk greater than that. What is the risk? What is the risk? You didn't tell us anything. Was it frequency? Was she hurrying? It's the frequency. As the arbitrator pointed out in that decision, she traversed that area more often than the general public did. But then you have to ask yourself a question. What was wrong with the area? What was wrong with? The area. What was wrong with it? Is there something wrong with this rug? The point is this was just not a floor where she just walked across the floor. There was nothing on the floor. There was a rug on the floor. She slipped on the rug. Okay. What's wrong with the rug? So according to you, if somebody slips on the tile, then they automatically recover because they slipped on the tile, even though there's no evidence there was a problem with the tile. It was wet. No, because a rug is not supposed to slip out from underneath you. Okay. Counsel, in that regard, I mean, you're taking the facts, the best version here, but the commission found against your client. There is another version in the record, and that is contained in the medical history, not that the rug slipped, but that she tripped on the rug. Isn't it true that she told Dr. Payne when she saw Dr. Payne on February the 17th of 2011 that she tripped over a rug at work? That's something that's different than a rug slipping out from underneath. Right. Well, that may be the only instance where it says that in the emergency room records when they took her by stretcher from the lobby into the emergency room, she told the doctors that she slipped on the rug. I mean, the records all say she slipped on the rug. This one does not. With that exception. But I think overall, I mean, you have a situation where she testifies she slipped and fell on a rug. There's no other witnesses to rebut her testimony. There's no other testimony in there. And I think the arbitrator was correct. I mean, it was personal comfort. She went out to the course of, and I agree. But then she went one step further and said, again, that the rug shouldn't have slipped out from underneath her. Rugs don't do that. If you slip on a rug and it slips out from underneath you, I think there's a presumption that there's something wrong with the rug. Where does that presumption come from? Well, if you look at the commission's decision, what they said was that she was merely walking across the floor. That's not what she testified to. You've talked some about she was subjected to this risk of the rug several times a day. Where's that at? Did she ever testify that she'd ever walked across that rug any time before? She testified that she walked through the lobby. Right. But not over the rug. It would be speculation how many times she crossed the rug, wouldn't it? We can't assume anything. What the commission found is there was no evidence presented that the rug was defective, wet, or had a foreign substance on it. So we're back to the problem. What's wrong with the rug? If the rug was defective, or there's something wrong with this rug, or the underside of the rug left a proper static coefficient of friction, then you're a winner. But where's the evidence there was something wrong with it? Well, I mean, the commission said it's unknown if she slipped on the rug or the rug slipped. She said she slipped on the rug, and the rug slipped straight out from under her. So they just ignored that evidence. They ignored their testimony. You're being really blunt and candid. And I understand the dialogue we can go back and forth all afternoon. Your position is, correct or incorrect, she doesn't have to show specifically why the rug slipped or moved, right? That's your position. It has to be. Well, I think my position is it's the rug itself created the hazard. By being on the floor, and she slipped on it, and the rug slipped out from underneath her. Does the rug create a hazard in and of itself? So hospitals can't have rugs on the floor? No, I'm not saying they can't have rugs on the floor. But that's different than But you're saying if any employee falls on the rug without any further explanation That's it. Well, but here she's saying she slipped. It slipped out from under her. She didn't say there was nothing wrong with the rug and she just stepped on the rug and it didn't move. She's saying she slipped on the rug, the rug slipped out from underneath her. That's the testimony. It's different than saying I stepped on the rug and I fell. And the commission said that's not enough. Well, that's what the commission said. I don't think they analyzed this at all. I think when the commission looked at it, I mean, they said it's unknown if she slipped on the rug. Well, the testimony is she did slip on the rug. The testimony was that the rug slipped out from underneath her. And they said, well, it's unknown if that happened. So I guess they ignored her testimony. I think they said there wasn't enough testimony. There was no explanation about how this accident happened. What was wrong with the rug? I mean, we're going over the same territory. Yeah, I mean, if somebody trips over a cord, does that mean it's non-compensable because there's nothing wrong with the cord? Well, if the cord doesn't belong in the middle of the floor, I'd say that is the hazard. But if it does, it's not. Rugs belong on the floor. And they're made for people to walk on. And if you slip on it and it slips out from under you, that's not compensable now? Well, it depends on if you can prove there's something wrong with it. Besides the fact it's a rug. In your opinion, a rug should never move. And by the way, this commission did not ignore her testimony. On the third to the last paragraph, they recounted everything she said. Petitioner testified, quote, as I walked in the building, I slipped on the rug and the rug slipped straight from under me. Histories in the medical records state that she slipped on the rug, that she tripped on the rug, and that the rug slipped. They put everything she said in there because that's all she said.  No, they said in there, therefore, Petitioner failed to prove a connection between her employment and her injury. Commission finds that the arbitrator's conclusion that the rug was a hazard is not based on any evidence in the record. Nobody found out what was wrong with this rug that caused it to slip. It's a failure proof case. It's the second one we have. Well, I disagree with what you're saying. I just, I think there's, there's other case law that supports a finding that this case should have been compensable. And I think that the arbitrator's decision was correct when she made the, when she found that the rug itself created the hazard in this case, which caused her to fall. That was the cause of her fall. Excuse me? I understand. Don't get that nerve ache like you said. Thank you. Thank you, Counsel. Counsel, anything in reply? I'm going to waive for bodily honors. Thank you. Thank you, Counsel. This matter will be taken under advisement and written disposition, shall we?